NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (4th) 220472-U

NO. 4-22-0472

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 31, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| ROBIN L., | ) | Circuit Court of |
|     Petitioner-Appellee, | ) | Sangamon County |
|     and | ) | No. 19D176 |
| MARTIN L., | ) | |
|     Respondent-Appellant. | ) | Honorable |
| | ) | Colleen R. Lawless, |
| | ) | Judge Presiding |

_____

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding the record did not show the application of any lesser legal standard to the motion to modify parenting time by the trial court.

¶ 2    Respondent, Martin L., appeals from the trial court's judgment granting the motion to modify parenting time filed by petitioner, Robin L. On appeal, Martin argues the trial court's "eleventh-hour" decision to evaluate Robin's motion under a "statutorily-lesser" legal standard not pursued by Robin was an abuse of the court's discretion and a violation of his right to due process because he did not have notice and an opportunity to defend against the lesser standard. Because the record does not show the application of any lesser legal standard by the trial court, we reject Martin's argument and affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4    In June 2007, Martin and Robin married. During the marriage, the parties had three

children, S.L. (born November 30, 2009), J.L. (born June 1, 2012), and M.L. (born October 2, 2014). In January 2018, the parties divorced. The judgment of dissolution set forth a parenting time schedule. The parenting time schedule was later modified by an agreed order in October 2019.

¶ 5    In December 2021, Robin filed a *pro se* motion to modify parenting time. In her motion, Robin alleged, in relevant part, there had "been substantial changes in circumstances that necessitate a change to the parenting time schedule." Robin requested, in relevant part, the trial court enter an order "[f]inding that substantial changes in circumstances have occurred *** that necessitate a change to the parenting time schedule."

¶ 6    In January 2022, Martin filed a response to Robin's motion to modify parenting time. In his response, Martin argued, in relevant part, the factual allegations set forth in Robin's motion did not "qualify as a substantial change in circumstances."

¶ 7    In May 2022, the trial court conducted a hearing on Robin's motion to modify parenting time. Robin appeared *pro se*, while Martin appeared with counsel. The court received testimony from both parties as well as several exhibits.

¶ 8    During the evidentiary portion of the hearing, Martin, after the trial court inquired about a potential settlement conference, repeated his position to the court that "[t]he changes that occurred *** are not substantial." Later, Martin, when addressing the court's concern about a particular line of examination, quoted the following proposition from *In re Marriage of Salvatore*, 2019 IL App (2d) 180425, ¶ 24, 124 N.E.3d 1136: " '[A] substantial change in circumstances will not be found when the parties' present circumstances were contemplated when they entered their agreement.' " The court, in response, stated, "[I]t is true, obviously, that is a circumstance and your recitation of what the general law is, which is substantial changes won't be found when everything that is being offered as a change was contemplated, yes."

¶ 9 Following the evidentiary portion of the hearing, the trial court entertained arguments from the parties. Neither party specifically addressed the applicable legal standard by which the court should evaluate Robin's motion.

¶ 10 The trial court, after hearing arguments from the parties, granted Robin's motion. In a lengthy oral pronouncement of its decision, the court began by stating, "The burden or the standard by which I have to modify a parenting time schedule is to determine whether there [h]as been a change in circumstances necessary to warrant the modification and if that modification is in the best interests of the children." As to the former, the court initially stated, "I do believe there has been a change in circumstances since entry of even the 2019 order." The court found: "I do believe the children's schedules, their ages, the parties' ability to communicate with each other and effectively work this arrangement out and what the schedule had been, those have changed since entry of the order." In so finding, the court recognized Robin had testified she "had thought about [t]hat the kids may want to participate in activities, and those things were maybe likely to occur" when the prior order was entered; however, the court found, "what had not actually happened was the level by which the parties were unable to work with the track schedule, the cross country schedule, and she could not anticipate the level of inflexibility that was being provided by [Martin] in this case." The court concluded, "I believe that it [is] a sufficient change for me to modify the parenting time schedule." The court further concluded, after a detailed review of best-interest factors, a modification was in the children's best interests. The court entered an order modifying the parenting time schedule.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 On appeal, Martin argues the trial court's "eleventh-hour" decision to evaluate

- 3 -

Robin's motion to modify parenting time under a "statutorily-lesser" legal standard not pursued by Robin was an abuse of the court's discretion and a violation of his right to due process because he did not have notice and an opportunity to defend against the lesser standard.

¶ 14    Martin's argument before this court is premised on the trial court's application of a lesser legal standard to Robin's motion. Specifically, Martin asserts the court applied a changed-circumstances standard which he asserts is set forth in section 610.5(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/610.5(a) (West 2020)) as opposed to the substantial-change-of-circumstances standard set forth in section 610.5(c) of the Act (*id.* § 610.05(c)).

¶ 15    The record shows the trial court received a written motion to modify parenting time and a response thereto focused on the existence or absence of a substantial change in circumstances. Then, during the hearing on the motion, the court heard Martin's position that the changes that occurred were "not substantial." The court also, when addressing Martin's response to its concerns about a particular line of inquiry by Martin, acknowledged Martin correctly recited "what the general law is, which is substantial changes won't be found when everything that is being offered as a change was contemplated." Therefore, the only position presented to and recognized by the court prior to the oral pronouncement of the decision was that there had to be a substantial change in circumstances before any modification could be ordered.

¶ 16    The record also shows the trial court, during the oral pronouncement of the decision, recognized before it could order any modification it had to find "there [has] been a change in circumstances *necessary* to warrant the modification." (Emphasis added.) The court, after indicating it believed there had been at least some change in circumstances, reviewed the changes that occurred, changes with respect to "the children's schedules, their ages, the parties' ability to

communicate with each other and effectively work this arrangement out and what the schedule had been." In reviewing these changes, the court specifically considered and found that changes were not anticipated. The court concluded, "I believe that it [is] a *sufficient* change for me to modify the parenting time schedule." (Emphasis added.) Therefore, while the court did not use the word "substantial" during the oral pronouncement of its decision, it considered whether changes were anticipated, a specific statutory consideration set forth in section 610.5(c) of the Act (750 ILCS 5/610.5(c) (West 2020)), and repeatedly used qualifying language when addressing the change required for any modification.

¶ 17        A trial court is, furthermore, "presumed to know the law and apply it properly." *In re N.B.*, 191 Ill. 2d 338, 345, 730 N.E.2d 1086, 1089 (2000). To rebut that presumption, there must be strong affirmative evidence to the contrary. *In re Commitment of Gavin*, 2019 IL App (1st) 180881, ¶ 55, 143 N.E.3d 885. Martin does not address authority filed after the hearing on the motion to modify but before the filing of his initial brief with this court explaining how section 610.5(a) of the Act (750 ILCS 5/610.5(a) (West 2020)) does not, in fact, set forth a changed-circumstances standard applicable to motions seeking the modification of parenting time. *In re Marriage of Trapkus*, 2022 IL App (3d) 190631, ¶¶ 21-29. Therefore, we must presume the trial court followed the law and did not apply a non-existent legal standard.

¶ 18        Accordingly, we conclude the record does not show the application of any lesser legal standard to the motion to modify parenting time by the trial court and, therefore, we reject Martin's argument. In so finding, we note, even if Martin had shown the trial court applied an incorrect lesser standard, he provided no argument or supporting authority in his initial brief as to why that error would constitute reversible error where he undisputedly had the opportunity to prepare for the hearing and question Robin under the correct legal standard. See Ill. S. Ct. R.

341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); see also *In re Marriage of Saracco*, 2014 IL App (3d) 130741, ¶ 14, 22 N.E.3d 489 (accepting the parties' concessions that the absence of a specific finding of a substantial change in circumstances does not mandate reversal if the record supports the existence of a substantial change).

¶ 19                                        III. CONCLUSION

¶ 20            We affirm the trial court's judgment.

¶ 21            Affirmed.